IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AISHA T. CRUMP**                                                                                    **PLAINTIFF**

**V.**                                                               **CAUSE NO: 3:19cv461-CWR-FKB**

**COMMERCIAL FURNITURE INSTALLATION, INC.**                              **DEFENDANT**

## MOTION TO STRIKE DOCUMENTS [5], [6] and [7]

COMES NOW, Plaintiff, Aisha Crump, by and through the Undersigned Counsel, sets forth this her *Motion to Strike Documents [5], [6], and [7]* and in support hereof respectfully sets forth the following:

1. The subject case was filed before this Honorable Court on July 1, 2019 [1]. A Summons was issued to Commercial Furniture Installation, Inc., care of Ronnie Hamlin, Registered Agent, 136 Byram Business Center, Byram, MS 39272 [2]. Plaintiff thereafter filed a First Amended Complaint on July 15, 2019 [3].

2. The Complaint, First Amended Complaint, and original Summons were served on July 16, 2019 to Ronnie Hamlin at the address on the Summons. The original Summons was filed as *Returned Executed* on that date [4].

3. On or about August 15th 2019, the undersigned counsel reviewed the records of the MS Secretary of State and saw that the Registered Agent was changed *by that time* to Jackie Lee Armagost at 139 Richardson, Jackson, MS 39209.

4. Seeing that no Answer was filed, and improperly believing that the wrong Registered Agent may have been served, the undersigned counsel contacted this Court's Clerk's office and obtained direction

1

on attempting to have a new Summons issued. The Clerk confirmed that the prior Summons needed to be re-filed *Unexecuted* in order to have the new Summons issued. The same Summons that was previously filed as *Executed* was thereafter subsequently later filed as *Unexecuted* on August 15, 2019 as documents [5] and [6] based on a mistaken belief that the wrong Registered Agent was served. (There were two filings because once the blank return was filed as document [5], the Clerk indicated that there needed to be a reason stated for why the Summons was filed as *Unexecuted,* and that it needed to be re-filed. The Undersigned Counsel's office therefore wrote that the Registered Agent changed on the return of service, and filed it again as document [6], Summons Returned *Unexecuted.*)

5. A new Summons thereafter was issued for Commercial Furniture Inc. on August 16, 2019 naming the new registered agent *by that time*, Jackie Armagost [7].

6. In sum, the records of the Secretary of State were examined at the time of filing so as to obtain Mr. Hamlin's name as Registered Agent. When no Answer was filed, the records were checked again so as to reveal Mr. Armagost as the new Registered Agent *as of August 15*.

7. Considering no Answer was filed, the undersigned counsel had a significant concern that the wrong Registered Agent was initially served. This belief proved untrue, and was mistaken. <u>In fact, the Registered Agent changed on July 25, 2019 after proper service on July 16 as stated in the following paragraph whereafter the first, original Summons was properly filed as *Executed.*</u>

8. The undersigned counsel respectfully attaches records of the Secretary of State as **Exhibit "A".** Those records reveal that the amendment to the Registered Agent from Mr. Hamlin to Mr. Armagost occurred on July 25, 2019. That date was *after* the service was effectuated on the original Registered Agent, Ronnie Hamlin, who was the Registered Agent at the time of filing, *and* at the time of service on July 16, 2019. The original, first Summons was therefore properly filed as *Executed* following service to Ronnie Hamlin, Registered Agent.

9.    In light of the above, the Undersigned Counsel maintains service was properly effectuated though understands this seeks only to strike documents the Undersigned believes are unnecessary.

10.   Since the Undersigned maintains that service was properly effectuated, Plaintiff wishes to clarify the docket in this matter so as to request that documents [5], [6], and [7] be stricken (The Undersigned Counsel therefore wishes to strike the improper representation that the original, first Summons was *Unexecuted*).

11.   In the alternative and in addition, the Plaintiff specifically sets forth that she does not intend to ask this Court to issue any Order establishing that service was in fact properly executed, that the appropriate agent was in fact served, nor that the proper Summons was served or prepared. While Plaintiff maintains that the original, first Summons was properly served to Registered Agent, Ronnie Hamlin, Plaintiff and the Undersigned Counsel recognize that the first, original Summons was improperly filed *Unexecuted* soley by the Undersigned Counsel and not by any action of the Court.

12.   Further, the second Summons was issued at the direction and request of the Undersigned according to applicable rules requiring counsel to be responsible for the contents and issuance of Summon(s).  The Undersigned and Plaintiff seek only to strike what they contend is a good faith, but mistaken representation to the Court that the original Summons was *Unexecuted* [5] and [6], as well as to strike the new Summons the Undersigned prepared which was unnecessary [7], without requesting the Court to enter any Order established which filing or Summons was needed.

13.   Plaintiff therefore understands that the Court can not establish that service was proper nor that the proper filings were made.  This is only to provide grounds to strike documents that Plaintiff contends were improperly filed by the Undersigned Counsel (or issued by the Honorable Court soley at the Undersigned Counsel's request).

14.   Plaintiff respectfully prays that the requirement of a Supporting Memorandum be dispensed with

given the relatively straightforward nature of this Motion.

      WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays this Honorable Court order Documents [5], [6] and [7] stricken without the Honorable Court taking any position on whether service was proper, whether any Summon(s) were proper, nor any position that any filings were proper. Plaintiff prays for whatever additional or alternative relief this Court deems appropriate.

      RESPECTFULLY SUBMITTED this, the 4th day of September, 2019

                                          *s/Michael R. Brown, Esq.*
                                          MICHAEL R. BROWN, ESQ.
                                          ATTORNEY FOR PLAINTIFF
                                          AISHA T. CRUMP

Michael R. Brown, Esq.
THE MICHAEL R. BROWN LAW OFFICES, PLLC
MS Bar # 99126
120 North Congress Street, Suite 710
Jackson, Mississippi 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com